*In re* Petition of VESSEL OWNERS' TOWING Co., to Limit its Liability, etc.[1]

*(District Court, N. D. Illinois.   May 27, 1884.)*

SHIPS AND SHIPPING — LIMITED LIABILITY OF VESSEL OWNERS — SECTION 4283, REV. ST., CONSTRUED.
> Congress having, in express terms, limited the liability of vessel owners, the protection of the statute may be invoked, notwithstanding the fact that the thing injured is situated on land, if the damage in question be occasioned by the vessel, and without any fault or privity on the part of her owner or owners.   *The Plymouth,* 3 Wall. 20, distinguished.

In Admiralty.   On demurrer.

*Schuyler & Kremer,* for petitioner, the Vessel Owners' Towing Company.

*F. M. Williams* and *M. St. C. Thomas,* for Chalifoux.

*J. J. Flannery,* for Murphy.

*Shufeldt & Westover,* for Hanson.

*Clarence Knight,* City Atty., for the City of Chicago.

*W. H. Condon,* for Clifford and Mary and James Foley.

BLODGETT, J.   This is a petition by the Vessel Owners' Towing Company, as owners of the tug Thomas Hood, for a limitation of liability under the provisions of section 4283 of the Revised Statutes, by reason of certain injuries committed by the tug, as is alleged, without the fault or privity of petitioner.

It appears from the petition that the tug is employed upon the waters of the Chicago river and Chicago harbor and vicinity as a towing tug, and that in that capacity, on the twenty-eighth of September last, this tug took in tow the schooner David Vance to tow her from some point near Wells-street bridge to an elevator near Sixteenth street, on the south branch of the Chicago river, and while so in tow of the tug the schooner struck the abutment of the Adams-street viaduct at the Adams-street bridge, and broke it down, and caused a portion of the viaduct to fall, thereby damaging, not only the viaduct, but several persons and some property on the viaduct at the time.   One of the persons who has been cited to show cause why a decree of limitation of liability should not be entered is J. D. Chalifoux, who has demurred to the petition upon the ground that it does not show a case coming within the provisions of the section in question.

The question is an anomalous one.   The counsel for respondent, in their brief, seem to rely mainly on the *Case of the Plymouth,* reported in 3 Wall. 20.   This case was where a steamer lying alongside a dock in this city took fire, and the fire communicated to the packing-house of Hough & Co., and destroyed it.   A libel *in personam,* against the owners of the steamer, was filed by Hough & Co., to re-

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

cover damages by reason of the burning of their warehouse, on the ground that it was a marine tort. The case was first heard before Judge DRUMMOND, then district judge, who held that an injury by a ship or vessel to anything upon land was not a marine tort, and therefore admiralty had no jurisdiction in the premises. This case was affirmed by Mr. Justice DAVIS, sitting as circuit judge, and subsequently by the supreme court. It differs from the case now before me, in this: the only question there was whether that was a marine tort, and therefore within admiralty jurisdiction; but this case is essentially different in principle. It is upon a special statute limiting the liability of ship-owners for damages done by their vessel. The section under which it is brought reads as follows:

Sec. 4283. "The liability of the owner of any vessel for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing lost, damage or forfeiture occasioned or incurred without the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel and her freight then pending."

It appears from the petition that this schooner, while in tow of the tug, was, without the fault or privity of petitioner, so negligently or carelessly handled by the tug, that she struck the viaduct of the Adams-street bridge, damaging the viaduct to some extent, and persons and property thereon, and that the aggregate of the damage to the viaduct, property, and persons exceeds the value of the tug. It is claimed, as the property injured was upon the land, and the offending thing upon the water, that the injury is not one contemplated by the act; but the language of the statute is very broad, and the supreme court has several times interpreted the purpose of congress in passing this act, which was to encourage the building of ships, and to encourage commerce by giving to those who should build ships the assurance that they can only be made liable to the extent of the venture made in their ships; that if a man builds a ship for the purposes of commerce, equips and mans it in a proper manner, and sends it about the business of commerce, he shall only be liable to the extent of his investment in that property, unless the injury shall be occasioned by his privity or neglect. In entering the harbors of the lakes, and also upon the seaboard, vessels propelled by steam come in close proximity to the land; and suppose a steam-ship, properly built and equipped, explodes her boiler by the carelessness of the engineer, the boiler having been properly constructed so far as the owner is concerned, in the vicinity of a large warehouse, thereby causing its destruction, through the negligence of the parties in charge of the ship, is the owner of the ship to be held responsible, in the light of this act, for the destruction thereby occasioned? The injury would seem to be such as would come within the language of the statute, and although the question is a new one, and has not

been yet directly adjudicated upon, I am of opinion that the case made by the petition comes within the provisions of the statute, and entitles the petitioner to relief. The demurrer is therefore overruled.